■ UNIFUND CCR PARTNERS, Respondent, v GERALD YOUNGMAN, Appellant. [932 NYS2d 609]—

Memorandum: Plaintiff, as the alleged assignee of Chase Manhattan Bank (Chase), commenced this action for breach of contract and account stated seeking to recover reasonable attorneys' fees and the balance owed on a credit card issued to defendant. We conclude that Supreme Court erred in granting plaintiff's motion for summary judgment and instead should have granted defendant's cross motion for summary judgment seeking dismissal of the complaint on the ground that plaintiff lacked standing to sue defendant (*see* CPLR 3211 [a] [3]). To establish such standing, plaintiff was required to submit evidence in admissible form establishing that Chase had assigned its interest in defendant's debt to plaintiff (*see Palisades Collection, LLC v Kedik*, 67 AD3d 1329, 1330 [2009]), and plaintiff failed to do so.

Here, plaintiff submitted an affidavit of its agent, a "Legal Liaison" employed by plaintiff rather than Chase, along with exhibits that included credit card statements and account balance documents from the business records of Chase. We reject plaintiff's contention that it thereby submitted the requisite

business records to establish its standing. A business record is admissible if "it was made in the regular course of any business and . . . it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]). "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [2002]). Although plaintiff's agent averred that the credit card statements and account balance documents were made and kept in the regular course of business, the agent did not establish that he had personal knowledge of Chase's business practices or procedures, nor did he establish when, how, or by whom the credit card statements and account balance documents were made and kept (*see* CPLR 4518 [a]; *West Val. Fire Dist. No. 1*, 294 AD2d at 950). Thus, we cannot agree with plaintiff that it established a proper foundation for the admission of the credit card statements and account balance documents under the business record exception to the hearsay rule sufficient to establish standing (*see Palisades Collection, LLC*, 67 AD3d at 1330-1331; *see generally Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531 [1997]). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.